UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEITH WAYNE SWYGERT,<br><br>　　　　　Defendant. | No. 2:13-cr-00211-TLN<br><br>**ORDER** |

On December 12, 2016, the Court received Defendant's letter (ECF No. 59) indicating he believes that if his criminal history category were calculated today, after giving effect to Propositions 47 and 64, his guideline range would have been lower and requesting his sentence be modified accordingly. The Court construes this as a motion seeking reduction of his sentence (the "Motion"). The Court has carefully considered the arguments raised by Defendant. For the reasons set forth below, the Motion is DENIED.

**I.　Factual and Procedural Background**

On January 23, 2014, Defendant pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the first count of a two-count indictment (ECF No. 1) (Presentence Report ("PSR"), ECF No. 48 at ¶ 1.) The Government agreed to recommend that Defendant be sentenced to the low-end of the applicable guideline range in its plea agreement with Defendant. (Plea Agreement, ECF No. 34 at 5.) On December 4, 2014, Defendant was

sentenced to 70 months of imprisonment.  (ECF No. 50.)  This sentence was the low-end of the guideline range of 70 to 87 months.  The guideline range was derived from a final offense level of 23 and a criminal history category of IV.  (*See* ECF No. 48 at ¶ 72.)  The criminal history category of IV resulted from Defendant's criminal history score of eight.  (*See* ECF No. 48 at ¶ 37.)

## II.   STANDARD OF REVIEW

18 U.S.C. § 3582(c) ("Section 3582(c)") expressly limits the inherent authority of a district court to reconsider a criminal sentence it has imposed.  *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999); *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000), *cert. denied* 531 U.S. 970 (2000); *see also United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (noting that through Section 3582(c) Congress "abrogated this common-law practice in the sentencing context"), *cert. denied*, 135 S. Ct. 1442 (2015).  Section 3582(c) provides that a district court generally "may not modify a term of imprisonment once it is imposed." *See United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011).  There are only three exceptions to this general rule.  *See* 18 U.S.C. § 3582(c); *see also Townsend*, 762 F.3d at 645 ("The Sentencing Reform Act of 1984 explicitly prevents district courts from 'modify[ing] a term of imprisonment once it has been imposed' except in three narrow situations.") (citing Section 3582(c)).

The first exception permits defendants—whose Guideline sentencing range has been lowered by retroactive amendment—to move for a sentence reduction if the terms of Section 3582(c)(2) are met.  *Dillon v. United States*, 560 U.S. 817, 819–22 (2011).  The second exception only applies when the motion is filed by the Director of the Bureau of Prisons.  *See* Section 3582(c)(1)(A); *United States v. Acevedo-Ramirez*, No. 1:12-cr-000227 LJO, 2016 WL 6582591, at *1 (E.D. Cal. Nov. 7, 2016).  The third allows modification only "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See* Section 3582(c)(1)(B); *Tadio*, 663 F.3d at 1046.  Federal Rule of Criminal Procedure 35 provides two avenues for modification: (i) the district court may, "*[w]ithin 14 days* after sentencing, … correct a sentence that resulted from arithmetical, technical, or other clear error[,]" or (ii) "*upon*

*the government's motion*" the district court may reduce the sentence if the defendant provided "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(a)-(b) (emphasis added).

### III.    ANALYSIS

Defendant provides three reasons why he believes his guideline range would be different if it were calculated today.  First, Defendant believes that due to the passage of Proposition 64, he would no longer receive two criminal history points for his 2003 felony conviction described in paragraph 32 of the PSR (the "2003 Conviction") relating to the sale of marijuana.  (ECF No. 59 at 1.)  Second, Defendant also seems to suggest that the 2003 Conviction should not have been used in the first place because it was "almost ten years old."  (ECF No. 59 at 1.)  He also notes that his arrest for that conviction was more than ten years before his arrest in the instant case. (ECF No. 59 at 1.)  Third, Defendant believes he would no longer receive two criminal history points for his 2001 felony conviction in Alaska for "weapon in [the] house [a] felon" described in paragraph 31 of the PSR (the "2001 Conviction") because the passage of Proposition 47 reclassified[1] his 1996 felony conviction described in paragraph 28 of the PSR (the "1996 Conviction") as a misdemeanor.  (ECF No. 59 at 1.)  Therefore, Defendant argues he was not a felon in 2001 and could not have been convicted of the 2001 Conviction.  (ECF No. 59 at 1.)  For these three reasons, Defendant requests that the Court reduce his sentence to the low-end of what his new guideline range would be after reducing his criminal history points by four.  (*See* ECF No. 59 at 1.)

None of the Defendant's reasons satisfy the three exceptions under Section 3582(c) that permit a district court to modify his sentence.  *See Acevedo-Ramirez*, 2016 WL 6582591 at \*1; *Townsend*, 762 F.3d at 645.  The first exception under Section 3582(c) does not apply because none of the arguments made by Defendant relate to a retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.").  *See* Section 3582(c)(2); *see also Dillon*, 560 U.S. at 819–

---

[1]    The reclassification from a felony to a misdemeanor pursuant to Proposition 47 is not automatic. *See* Cal. Penal Code § 1170.18(a), (f); *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016).  Defendant has submitted documents suggesting he has taken the required steps to have the 1996 Conviction reclassified a misdemeanor.  (*See* ECF No. 59 at 4–5.)  For purposes of this Order, the Court assumes that he has successfully done this.

22. The second exception under Section 3582(c) cannot apply because the Motion was not filed by the Director of the Bureau of Prisons. *See* Section 3582(c)(1)(A). Lastly, Defendant does not satisfy the third exception under Section 3582(c) because he does not rely on another statute expressly permitting modification of his sentence and is barred from relying on Rule 35. *See* 3582(c)(1)(B). Defendant cannot rely on Rule 35 because the Motion (i) was not filed within 14 days of sentencing as required by Rule 35(a) and (ii) was not filed by the government for relief based on substantial assistance under Rule 35(b). *See, e.g.*, *United States v. Knepper*, CR NO. 05-00191 JMS, 2016 WL 3264239, at *2 (D. Haw. June 14, 2016).

Since none of the three exceptions apply, the Court has no authority to modify Defendant's sentence. However, the Court notes that Defendant's second argument is incorrect for precisely the reason the probation officer explained in his November 13, 2014, letter to Defendant's attorney. (*See* ECF No. 48-2 at 2.) U.S.S.G. § 4A1.1(b) provides that two points are added for a defendant's criminal history "for each prior sentence of imprisonment of at least sixty days" unless that sentence exceeds one year and one month. *See* U.S.S.G. § 4A1.1(a)-(b). However, the application note for subsection (b) provides in relevant part that a "sentence imposed *more than ten years prior* to the defendant's *commencement of the instant offense* is not counted" under U.S.S.G. § 4A1.1 (b). U.S.S.G. § 4A1.1, app. n. 2 (emphasis added). Defendant was sentenced on September 18, 2003, for the 2003 Conviction, which is less than ten years before he admitted committing the instant offense, i.e., February 27, 2013. (*Compare* Factual Basis for Plea, ECF No. 34 at 11 ("From at least February 27, 2013, until March 15, 2013, in the City of Sacramento, in the State and Eastern District of California, the defendant knowingly possessed two firearms[.]") *with* ECF No. 48 at ¶ 32.)

### IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion is DENIED.

IT IS SO ORDERED.

Dated: January 31, 2017

_____
Troy L. Nunley
United States District Judge